IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
RAYSURNET MORRIS,                      )
WILLIAM WHITAKER                       )
        Plaintiffs,                    ) Civil Action: 08cv
v.                                     ) Judge:
                                       ) Magistrate Judge:
FRATERNAL ORDER OF POLICE              )
FRATERNAL ORDER OF POLICE, LODGE 7     )
        Defendants.                    )
```

FILED: DECEMBER 31, 2008
08 CV 7449
JUDGE ANDERSEN
MAGISTRATE JUDGE KEYS
BR

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES

NOW COME Plaintiffs, through counsel, Christopher C. Cooper and Brendan Shiller, and file this Complaint for Declaratory Relief, Injunctive Relief as well as for monetary damages against the named defendants.

## SYNOPSIS

The Fraternal Order of Police (and its local office, Lodge 7), a 501(c)(3) status entity[1], is an organization primarily comprised of active and retired police officers. The Fraternal Order of Police (FOP) contracts with the City of Chicago to provide and pay legal fees for Chicago Police Officers relative to allegations against officers for wrongful conduct that are duty related. All Chicago Police Officers are involuntary conscripted by the Chicago Police Department into the Fraternal Order of Police or to pay dues to the FOP. The latter represents that any officer must, involuntarily, pay what is defined as "the fair share" of the cost of the collective bargaining process and contract administration. If an officer refuses, the City of Chicago, on behalf of the FOP, will forcibly deduct "the fair" share from the officer's salary. Therefore, the FOP provides services to all Chicago Police officers under "color of state law" and that [the] under "color of law" requirement for a 42 U.S.C. 1983 action is identical to the "state action" prerequisite to constitutional liability. The conduct of the Fraternal Order of Police is "fairly attributable" to the City of Chicago.

Raysurnet Morris, a former Chicago Police officer, was a dues paying member of the Fraternal Order of Police (FOP) until her termination from the Chicago Police Department in 2008 for alleged wrongful conduct. She is African American/black. Morris asked the FOP to pay her legal fees relative to

---

[1] This status places FOP activity in concert with the state, therefore, a state actor.

allegations against her of wrongful conduct connected to her duties as a Chicago Police officer. Morris was denied by the FOP. The FOP held that matter for which the Chicago Police officer/plaintiff requested legal representation and fees, was not within the scope of her employment. William Whitaker is a former Chicago Police Officer who was acquitted of criminal offenses in February 2008, yet he is currently facing police department discipline for the incident for which he was acquitted and that he needs an attorney. He too is black and was a dues paying member of the Fraternal Order of Police. After his acquittal, Whitaker informed the FOP (of the acquittal) but has not been provided legal representation relative to an upcoming police trial board. The FOP has held that the upcoming Chicago Police Department trial will not concern matters within the scope of Officer Whitaker's employment as a policeman. Plaintiffs contend that because they are black, the FOP has denied them representation that is equal to the representation given by the FOP to its members who are white. Plaintiffs cite as an example (and the impetus for this lawsuit), that the FOP is presently paying the legal fees for former Chicago Police Officer Jon Burge (a white male) to defend him against charges that he perjured himself more 15 years after he left the employ of the Chicago Police Department (see Case No. 08cr00846). Plaintiffs contend that the FOP's obligation to taxpayers and to its members is to defend police officers for actions taken within the scope of their employment. Former Officer Burge, the plaintiffs assert, is wrongly reaping the benefit of FOP legal representation and payments; although perjury occurring approximately 15 years after employment (along with torture) is and was outside of the scope of employment for Chicago Police officers. Plaintiffs contend that their having been denied but Burge granted payment of legal fees, is racially discriminatory behavior by the FOP that violates the Equal Protection Clause of the United States Constitution and 42 U.S.C. §§1981 and 1983.

## NATURE OF THE COMPLAINT

(1)     This is an Equal Protection Clause and Civil Rights Action for monetary damages as well as for injunctive[2] and declaratory relief. As to the latter, the plaintiffs seek from the Court an order to the Fraternal Order of Police and its Lodge 7, that it cease paying the legal fees of Jon Burge, since the [FOP] formula of granting or denying legal fee payments runs afoul of the Equal Protection Clause of the U.S. Constitution as well as 42 U.S.C. §§1981 and 1983.

(2)     This is an action for monetary damages in that the plaintiffs seek relief for having been discriminated against (as to the FOP "service" to its members of legal representation) by the Fraternal

---

[2] And that a Motion for Injunctive and Declaratory Relief follows the filing of this complaint.

Order of Police in violation of the Equal Protection Clause of the U.S. Constitution as well as 42 U.S.C. §§1981 and 1983.

(3)     All 42 U.S.C. claims are filed along with a 42 USC §1988 claim.

## PARTIES

(4)     Raysurnet Morris, a legal adult, a black female, and a citizen of Illinois. She is former Chicago Police Officer residing in Cook County, Illinois and was an active Fraternal Order of Police member at all relevant times to the above captioned matter.

(5)     William Whitaker, a legal adult, a black male, and a citizen of Illinois. He is a Chicago Police Officer residing in Cook County, Illinois and was an active or inactive member of the Fraternal Order of Police member at all relevant times to the above captioned matter.

(6)     Defendant Fraternal Order of Police is a citizen of Tennessee and a **501(c)(3) status entity**. The FOP is a state actor which describes itself as "…the world's largest organization of sworn law enforcement officers, with more than 325,000 members in more than 2,100 lodges" with its principle place of business at 701 Marriott Drive, Nashville TN 37214. The FOP was doing business in City of Chicago (Illinois) at all times relative to the above captioned matter; and was doing business with and for the City of Chicago at all times relative to the above captioned matter.

(7)     Defendant Fraternal Order Police, Lodge 7 is a "lodge" within the Fraternal Order of Police; and because of its parent, it shares the 501(c)(3) status.  Lodge 7 was doing business at all relevant times to the above captioned matter at 1412 W. Washington Blvd., Chicago, Illinois  60607-1821

## JURISDICTION & VENUE

Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§1981, 1983, 1985, 1986, and 1988; and the Equal Protection Clause of the U.S. Constitution.

## FACTS

(1)     On October 16, 2008, former Chicago Police commander, Jon Burge, was indicted for Perjury and Witness Tampering.  On October 21, 2008, Mr. Burge was arrested pursuant to the indictment  (see case No.  08cr00846 in the U.S. District Court for Northern Illinois).

(2)      On or about December 5, 2008 the public learned from the media that the Fraternal Order of Police (FOP) had announced that it was paying all legal fees incurred and to be incurred by Jon Burge to defend him against any and all charges related to the allegation of Perjury and Witness Tampering.

(3)     In 2008, then Police Officer Raysurnet Morris asked the FOP to pay her legal fees associated with her impending termination by the Chicago Police Department. The FOP refused holding that her alleged wrongful conduct was not within the scope of her employment.

(4)     On October 8, 2008, Officer Morris was terminated by the Chicago Police Department for the alleged wrongful conduct for which the FOP would not pay her legal fees.

(5)     After her termination, in November 2008, former Officer Morris made a second request to the FOP for the payment of legal fees and in that same month was denied.

(6)     In February 2007, William Whitaker was acquitted of criminal charges. Therefore, he sought from the FOP that it pay his legal fees [not as to his arrest], but as to the Police Department not reinstating him and the upcoming trial that the Police Department will convene in the near future. The FOP has refused to pay these specific legal fees holding that hearing itself and the issues for it, are not within the scope of Officer Whitaker's employment.

## COUNT 1: VIOLATION OF THE EQUAL PROTECTION CLAUSE PURSUANT TO VIOLATIONS OF 42 U.S.C. 1983

(1)     The Equal Protection Clause of the U.S. Constitution holds that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws."

(2)     Defendant FOP is a state actor.[3]

(3)     Defendant FOP, Lodge 7 is a state actor.

(4)     The FOP and the FOP Lodge 7 contract with the state (the City of Chicago and its Police department) to provide representation to all Chicago Police Officers and that all officers are involuntary conscripted by the City of Chicago/Chicago Police Department into the Fraternal Order of Police or forced by the City to pay dues (to the FOP and FOP Lodge 7) defined as "Fair Share".

(5)     Therefore, the FOP and FOP Lodge 7 provide services to all Chicago Police officers under "color of state law" and that the under "color of law" requirement for a 42 U.S.C. 1983 action is identical to the "state action" prerequisite to constitutional liability.

(6)      The conduct of the Fraternal Order of Police and the FOP Lodge 7 is "fairly attributable" to the City of Chicago. *Lugar v. Edmonson*, 457 U.S. 922, 937 (1982).[4]

---

[3] For the sake of argument (anticipating the defendants' motion to dismiss) a private actor acts under color of state law under certain circumstances.

[4] The plaintiffs contend the activity (of the FOP) in issue, was and is supported by state action, since Chicago Police officers are mandated by the City of Chicago to pay dues to the Fraternal Order of Police.

(7) The FOP and the FOP Lodge 7 perform "public functions," *Marsh v. Alabama*, 326 U.S. 501 (1946).

(8) Defendants are "willful participants in joint activity" with the City of Chicago.

(9) The FOP and the FOP Lodge 7 were originally in concert with the City of Chicago.

(10) The FOP and the FOP Lodge 7 have operated in concert with the City of Chicago to protect individual officers that engage in a pattern of constitutional violations, and that the conduct alleged in the instant and second count of this lawsuit is the latest action in the pattern.

(11) The defendants exercised power possessed by virtue of state law and made possible only because the defendants were clothed with the authority of state law and that with such power, the FOP and FOP Lodge 7 granted legal fees to Officer Jon Burge because he is white but [in violation of the Equal Protection Clause] denied payment of legal fees to Officer William Whitaker and Officer Raysurnet Morris because the two officers are black.

(12) The FOP and the FOP Lodge 7 allowing for legal fees to be paid for white FOP members but not for non-white members, represents a classification scheme that violates the Equal Protection Clause of the United States Constitution since the FOP scheme does not promote a "compelling state interest" and is not "narrowly tailored" to achieve that interest. *Palmore v. Sidotti,* 466 U.S. 429, 432 (1984).

(13) The defendants denied plaintiffs' payments for legal fees NOT pursuant to the FOP Lodge 7's Constitution and Bylaws rather, pursuant to [the] FOP Lodge 7's CBA with the City of Chicago and pursuant to a right and privilege created by the state.

(14) Plaintiffs have suffered damages and continue to suffer damages as a result of the defendant's wrongful actions under color of law that include out-of-pocket payments to legal professionals, suspension from employment, and termination from employment.

(15) Plaintiffs assert through counsel that the evidence shows that they can succeed on the merits.

(16) Irreparable harm will result to the plaintiffs without injunctive relief.

(17) The balance of harms between defendants and the plaintiffs reveal that the defendants will not suffer any harm if the defendants are forced to pay plaintiffs' legal fees and if forced to discontinue payments for Jon Burge.

(18) The impact on the public interest favors governmental policies that do not pay for or encourage perjury or torture by former or active police officers (directly or indirectly, through collective Bargaining Agreements [CBA]). The public interest supports a position that police officers are expected to behave with integrity and that taxpayers and honest police officers should not have to pay a Torturer's legal bills

indirectly, through a Collective Bargaining Agreement between the City of Chicago and Fraternal Order of Police. Should the government supported legal payments for Jon Burge continue, there will be irreparable harm to the reputations of honest police officers not just in Chicago but throughout the United States, as in members of the public wrongly assuming that all police officers behave as did Jon Burge.

WHEREFORE, Plaintiffs seek injunctive relief that would compel the defendants to cease payment of Jon Burge's legal fees and or an Order that legal fees are to be paid for all FOP members regardless of color of skin, race or ethnicity. Alternatively, or in conjunction, an order to the FOP to pay the legal fees of Plaintiffs Whitaker and Morris. Additionally, plaintiffs seek judgment against the defendant for actual, general, special, compensatory damages in the amount of $150,000 and further demands for punitive damages in the amount of $450,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 2: DEPRIVATION OF THE EQUAL PROTECTION CLAUSE PURSUANT TO VIOLATIONS OF 42 U.S.C.1981

(19) In this Count, the plaintiffs repeat, re-allege and incorporate the allegations in aforementioned counts and paragraphs with the same force and effect as if herein set forth. Count 2 is not to be read alone but in conjunction with the allegations in Count 1. Any and all assertions and claims in Count 1 apply equally in Count 2.

(20) 42 U.S.C 1981 holds that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

(21) Under Color of Law, Plaintiffs Whitaker and Morris, black citizens, were deprived (and continue to be deprived) of their full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. And that such deprivation occurs and continues to occur by the FOP and [the] FOP Lodge 7's denial of payment of legal fees for the plaintiffs (yet payments made for Jon Burge).

(22) As a proximate cause of the defendants' wrongful conduct in violation of 42 U.S.C. 1981, the plaintiffs have suffered damages and continue to suffer damages as a result of the defendant's wrongful actions under color of law that include out-of-pocket payments to legal professionals, suspension from employment, and termination from employment.

WHEREFORE, Plaintiffs seek injunctive relief that would compel the defendants to cease payment of Jon Burge's legal fees and or an Order that legal fees are to be paid for all FOP members regardless of color of skin, race or ethnicity. Alternatively, or in conjunction, an order to the FOP to pay the legal fees of Plaintiffs Whitacker and Morris. Additionally, plaintiffs seek judgment against the defendant for actual, general, special, compensatory damages in the amount of $150,000 and further demands for punitive damages in the amount of $450,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

PREPARED & RESPECTFULLY SBMITTED,
s\Christopher Cooper, Christopher C. Cooper, 31 December 2008
Counsel for Plaintiffs
Member of the U.S. District for Northern Illinois Bar Number and Trial Bar
For Mailing and Service, PO Box 982, Westmont, IL 60559
3620 WEST 80TH LANE, MERRILLVILLE, IN. 46410-0000
Tel: **312 371 6752** or 219 228 4396 FAX: 866 334 7458
E-mail: cooperlaw3234@gmail.com

Plaintiff William Whitacker by his signature below swears that he has read the foregoing Complaint; has understood it to the best of his ability and states that he is not a lawyer. He agrees that the Complaint as written is truthful, accurate and based on his best recollection of the events described.

Plaintiffs' Signature: *William Whitaker*   Date 12-31-08

Plaintiff Raysurnet Morris by her signature below swears that she has read the foregoing Complaint; has understood it to the best of her ability and states that she is not a lawyer. She agrees that the Complaint as written is truthful, accurate and based on his best recollection of the events described.

Plaintiffs' Signature: *Raysurnet Morris*   Date 12-30-08